UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER SCHIK, | : |
| | Docket No.:   1:20-cv-07962-ALC |
| Plaintiff, | : |
| | Civil Action |
| v. | : |
| | : |
| UNITED STATES OF AMERICA, | |
| | : |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**BECKER & POLIAKOFF, LLP**
James J. Mahon (Bar Id No. 321332020)
45 Broadway, 17th Floor
New York, New York 10006
Tel.: (212) 559-3322
*Attorneys for Walter Schik*

{N0342759 }

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ii

PRELIMINARY STATEMENT......................................................................................................... 1

STATEMENT OF FACTS ................................................................................................................. 2

LEGAL ARGUMENT ........................................................................................................................ 4

   THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS CLAIM FOR REFUND BECAUSE IT COMPLIED WITH THE IRS' OWN INSTRUCTIONS, THE IRS REJECTED THE CLAIM, AND IN ANY EVENT, A PROTECTIVE CLAIM FOR REFUND HAS BEEN LODGED WITH THE IRS. ........................................................................................................................ 4

CONCLUSION ................................................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**                                                                            **Page(s)**

Gallo v. United States,
    950 F. Supp. 1246 (S.D.N.Y. 1997) .................................................................................... 8

Kaffenberger v. United States,
    344 F.3d 944 (8th Cir. 2003) ............................................................................................. 8

PALA, Inc. Employees Profit Sharing Plan & Trust Agreement v. United States,
    234 F.3d 873 (5th Cir. 2000) ............................................................................................. 9

Waltner v. United States,
    2019 WL 176800 (D. Ariz. Jan. 11, 2019) ........................................................................ 9

Weisman v. Comm'r,
    103 F. Supp. 2d. 621 (E.D.N.Y. 2000) .............................................................................. 9

**PRELIMINARY STATEMENT**

This memorandum is submitted by plaintiff Walter Schik (the "Plaintiff" or "Mr. Schik") in opposition to the motion to dismiss for lack of subject matter jurisdiction lodged by defendant United States of America (the "Government").

In support of this argument, the Government claims that Mr. Schik did not file a formal claim for refund, that Mr. Schik's informal claim was never ruled on by the Internal Revenue Service (the "IRS") thereby depriving this court of subject matter jurisdiction, and that any such defect in subject matter jurisdiction is not subject to cure.

As is more fully set forth herein, the Government's position is wrong on all three (3) counts. First, since IRS Form 843, which is normally used in income tax refund claims, specifically directs the taxpayer not to use that form when dealing with overpayments of income tax--the very payments which are at issue here, Mr. Schik's filings which include numerous IRS Forms 5471, the accompanying well-documented explanations from Plaintiff's prior counsel as to why Mr. Schik should not be required to file IRS Forms 5471, under the unique circumstances of this case, should be deemed to be the equivalent of formal refund claims. Moreover, even if the December 30, 2016 protest, the October 24, 2017 letter, and February 26, 2018 letter submitted by Plaintiff's previous counsel were deemed to be mere informal claims for refund, a review of October 24, 2017 letter submitted by Plaintiff's previous counsel after the penalties at issue in this case were assessed, and the IRS communication dated November 13, 2017, one month after the submission of that letter applying 2016 overpayment to the aforementioned penalties, establishes that the IRS waived the formal claim requirement by rejecting Plaintiff's position and applying the refund to the penalties which are at issue in this litigation.

Finally, since the Government concedes that by lodging on "informal claim", Plaintiff has the right to perfect that claim by filing a formal claim, plaintiff has now filed a Form 843 protective claim seeking a refund for the abatement of the penalties which are at issue in this case. We respectfully submit that under the unique facts of this case, and in the interest of judicial economy, this court should consider staying this action while this protective claim is under consideration by the IRS or, in the alternative, dismissing this case without prejudice and directing the IRS to consider the protective claim on an expedited basis.

## STATEMENT OF FACTS

In correspondence with the court, the Government initially sought leave to move only for partial dismissal of the instant complaint. *See* ECF Doc. No. 6. The Government obtained extensions of the briefing schedule so that it could complete its review of the administrative file and suggested that the motion for partial dismissal might be further circumscribed because additional evidence suggested that claims for refund had been filed for many if not most of the years under review by this Court. Simply put, the Government recognized in these submissions that the Plaintiff submitted claims for a refund for most of the years that of the subject matter of the complaint at bar.

By filing a motion now before the court, seeking the dismissal of the entire complaint, the Government has reversed its position, contradicting its previous representations to this court. In the instant motion, the Government submits an affidavit from the revenue agent assigned to Mr. Schik's audit. The agent claims to have conducted a thorough search of the administrative file, and attaches one document, correspondence from Mr. Schik's counsel dated December 30, 2016. Since that is the only document attached to this affidavit, it follows that according to the Government,

this December 30, 2016 letter is the only document it found other than those referenced in the complaint at bar. After reviewing the Government's motion, we conducted our own investigation and found that IRS' search was not as "thorough" as the Government claims.

In order to provide a more complete picture to this court, we have attached in the accompanying affirmation of James J. Mahon dated August 2, 2021 (the "Mahon Affirmation") which contains the documents we believe should have been brought to the Court's attention as a result of the Government's exhaustive review.

The first such document is the letter dated December 30, 2016, referenced by the revenue agent in his affidavit in support of the motion to dismiss from Plaintiff's prior counsel requesting penalty abatement, and the filing Forms 5471 for the years 2007 through 2010. *See* **Mahon Affirmation Exhibit A.**

On September 2 5, 2017, the IRS sent notices of penalty continuation for the years 2000 through 2006 as well as 2011 and 2012. *See* **Mahon Affirmation Exhibit B**. These are among the penalties at issue in this case.

On October 15, 2017, on his 2016 Form 1040, Mr. Schik elected to direct that a $1,296,604 overpayment be applied to his 2017 income tax liability. *See* **Mahon Affirmation Exhibit C.**

On October 24, 2017, Plaintiff's prior counsel wrote a letter setting forth the reasons why the penalties referred to in the Mahon Affirmation Exhibit B were erroneously assessed. The letter also filed certain information returns referred to in that letter, and which were the subject of the aforementioned penalties. *See* **Mahon Affirmation Exhibit D.**

On November 13,2017 the IRS notified Mr. Schik that $552,300 would not be applied to his 2017 liability, but rather would be seized to satisfy the penalties reflected in Mahon Affirmation Exhibit B. *See* **Mahon Affirmation Exhibit E**. By so doing, the IRS rejected the taxpayer's position advanced by Counsel in the October 24, 2027 submission.

On February 16, 2018, Plaintiff's counsel submitted a formal letter again contesting the inclusion of these penalties and submitting, under protest, Forms 5471 for the years 2001 through 2006. *See* **Mahon Affirmation Exhibit F**. These forms were actually filed on that date along with this letter. *See* **Mahon Affirmation Exhibit G**.

## LEGAL ARGUMENT

**THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS CLAIM FOR REFUND BECAUSE IT COMPLIED WITH THE IRS' OWN INSTRUCTIONS, THE IRS REJECTED THE CLAIM, AND IN ANY EVENT, A PROTECTIVE CLAIM FOR REFUND HAS BEEN LODGED WITH THE IRS.**

In its memorandum of law, the Government concedes that the February 28, 2018 letter written by Plaintiff's counsel, along with Forms 5471, which were filed with the IRS accompanied by the letter, constituted at a minimum, an informal claim for refund. *See* ECF Doc. No. 25 at pp 2 and 6; *See also* Gallo v. United States, 950 F. Supp. 1246 (S.D.N.Y. 1997). The Government goes to great lengths advocating their position that this filing is a jurisdictional failure because Plaintiff's prior counsel used the wrong form. The Government's position is that only by filing a Form 843 claim for refund is the jurisdictional prerequisite for this refund claim satisfied.

However, a careful perusal of Form 843 compels the conclusion that the Government is hoisted on its own petard by the very instructions contained in Form 843. That document states as follows: "do not use Form 843 if your claim relies upon an overpayment of income taxes…. use

{N0342759 }   4

the appropriate amended return." By filing the Forms 5471 and setting forth the reasons why these information returns are not required, and the penalties should not be imposed, we respectfully submit that this jurisdictional requirement was fully satisfied.

Given the language in Form 843 directing taxpayers not to use that form when seeking a refund for the overpayment of tax, the December 30, 2016 letter annexed to the Government's motion, the October 24, 2017 letter submitted by Plaintiff's prior counsel responding to the assertion of the penalties at issue in this case, together with the February 16, 2018 letter, read together with the Forms 5471 filed by Plaintiff's prior counsel, these letters more than satisfy the jurisdictional requirement the government seeks to invoke in a transparent attempt to avoid liability in the instant matter. *See* Kaffenberger v. United States, 344 F.3d 944 (8th Cir. 2003).

The Government readily concedes that even in those cases where the taxpayer only files an informal claim that standing alone does not confer jurisdiction on the court, the IRS by considering the claim and acting upon it, waives the jurisdictional objection the government claims is applicable here. *See* ECF Doc. No. 26 at p.8; *See, e.g.*, PALA, Inc. Employees Profit Sharing Plan & Trust Agreement v. United States, 234 F.3d 873, 879 (5th Cir. 2000); Weisman v. Comm'r, 103 F. Supp. 2d. 621, 628 & n.12 (E.D.N.Y. 2000). Had the Government actually performed an adequate search of its own administrative file, it would have found the October 24, 2017 letter from Plaintiff's former counsel contesting the penalties asserted against the taxpayer. The Government also would have realized that by refusing to permit the 2016 return overpayment and applying it to the 2017 liability, an act that took place in November, 2017, the IRS obviously considered the taxpayer's position and rejected it. As the Government recognizes, where the IRS denies an informal claim, subject matter clearly exists .Weissman v. Comm'r, 103 F.Supp 2d. 112 (EDNY 2000).

Finally, by filing a protective claim for refund utilizing the very same Form 843 the Government claims had to be filed in the case at bar, at the very least, the instant complaint should be dismissed without prejudice, thereby giving the IRS time to examine the issue, and either accept or reject plaintiff's claim for refund. Waltner v. United States, 2019 WL 176800 (D. Ariz. Jan. 11, 2019).

## CONCLUSION

The Government's motion to dismiss the above-captioned matter on grounds of subject matter jurisdiction should be denied. Alternatively, the complaint should be dismissed without prejudice and the IRS should be directed to consider the protective claim for refund, together with such other and further relief as this court deems just and proper.

**Respectfully submitted,**

BECKER & POLIAKOFF, LLP
*Attorneys for Plaintiff*
By: */s/ James J. Mahon*
James J. Mahon
45 Broadway, 17th Floor
New York, New York 1000
Tel: (212) 599-3322
Fax: (212) 557-0295
Email: JMahon@beckerlawywers.com