# EXHIBIT A

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
By:    TALIA KRAEMER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2822
E-mail: talia.kraemer@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WALTER SCHIK,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Case No. 20 Civ. 7962 (ALC) |

### DECLARATION OF CHRIS MARTIN

I, Chris Martin, pursuant to 28 U.S.C. § 1746, declare and state:

1. I am currently an Appeals Officer with the Internal Revenue Service ("IRS"). Before becoming an Appeals Officer, I worked as an IRS Revenue Agent from 2004 to 2020.

2. While working as a Revenue Agent, I was assigned to an audit involving the assessment of penalties under 26 U.S.C. § 6038 against taxpayer Walter Schik—the plaintiff in the above-captioned lawsuit—for his failure to file Forms 5471, Information Return of U.S. Persons with Respect to Certain Foreign Corporations, for tax years 2000 through 2013.

3. I have reviewed the IRS's administrative file related to the assessment of the penalties at issue against Mr. Schik, which is the official administrative file compiled and stored by the IRS after the completion of a matter. I have also reviewed IRS electronic files related to

Mr. Schik, which are not included in the administrative file, that were identified by agency staff as belonging to a related examination of Mr. Schik's Form 1040 individual income tax returns.

4. The administrative file includes a letter dated December 30, 2016, from Robert S. Fink, an attorney for Mr. Schik, to Revenue Agent Timothy P. Johnson, the agent assigned at that time to the audit of Mr. Schik, related to the unfiled Form 5471s. A true and correct copy of this letter is attached hereto as Exhibit A.

5. Neither the administrative file nor any of the electronic files I reviewed contains any Form 843, Claim for Refund and Request for Abatement, or any other formal refund claim by Mr. Schik or his representatives related to the penalties assessed against him under 26 U.S.C. § 6038.

6. Based on my review of the administrative file and electronic files related to Mr. Schik, I have not found any evidence or records that the IRS considered or investigated—or ever allowed or disallowed—any refund claim with respect to the Section 6038 penalties at issue.

Date: July 6, 2021
Farmers Branch, Texas

CHRIS MARTIN
Appeals Officer
Internal Revenue Service

KOSTELANETZ & FINK, LLP
7 WORLD TRADE CENTER, 34TH FLOOR
NEW YORK, NEW YORK 10007

TEL: (212) 808-8100
FAX: (212) 808-8108
www.kflaw.com

December 30, 2016

BY FEDERAL EXPRESS

Timothy P. Johnson
Revenue Agent
Internal Revenue Service
8876 Gulf Freeway
Suite 300, M/S 4301- HSE
Houston, Texas 77017

[Stamp: Internal Revenue Service SB/SE Compliance Field JAN 05 2017 Gulf States Area Dallas Territory 2, Group 6 Dallas, Texas]

[Stamp: Internal Revenue Service SB/SE Examination Gulf States JAN 3 2017 Received 8876 Gulf Freeway Houston, TX 77017]

Re: Walter Schik, SS# ███████
    Marianne Schik, SS# ███████

Dear Agent Johnson:

As you know, we represent Walter and Marianne Schik (the "Taxpayers"). We write in response to your letter to the Taxpayers dated May 5, 2016 entitled "Notice of Non-Filing of Form 5471." We understand that you are no longer assigned to this case. However, we felt it appropriate to respond to your letter directly and ask that you forward this letter to the IRS personnel currently handling this matter. This letter and enclosures have also been sent to the Taxpayers' IRS Service Center in Kansas City, Missouri.

Enclosed please find Forms 5471 for the Taxpayers for the period December 31, 2007 through December 31, 2010. By providing the enclosed Forms 5471, we do not concede that the Taxpayers were, in fact, required under IRC § 6038 to file Forms 5471 for this or any other period because Tikva Consulting was merely a name; it was the alter ego of Mr. Schik and did not, at any time, engage in any business activity or have any legitimate business purpose. As such, Tikva Consulting should be disregarded for tax purposes.

Here, Tikva Consulting's sole purpose was to nominally hold a foreign bank account. Tikva Consulting never rented office space or operated a business, it never conducted any commercial transactions, and it maintained no books or records.[1] Rather, Tikva Consulting was

---

[1] Indeed, it is for this reason that the Forms 5471 enclosed herein have been prepared to the best of the Taxpayers' accountant's ability, as the only relevant documentation available to prepare these Forms 5471 are the account statements from the relevant foreign accounts themselves. That is, Tikva Consulting does not have any documentation traditionally associated with legitimate businesses such as

established and maintained by Josef Beck, a foreign-based asset manager who we believe also managed assets for other U.S. taxpayers. We now believe that Mr. Beck utilized Tikva Consulting (and other similar entities associated with unrelated taxpayers) to facilitate the transfer of funds among multiple accounts that he managed for many different individuals, operating an informal banking system for his clients. We further believe that Mr. Beck decided to establish foreign entities like Tikva Consulting when Swiss banks – who in the early and mid-2000s became aware of scrutiny from U.S. law enforcement – contacted asset managers like Mr. Beck and suggested the use of nominee entities to disguise the true ownership of U.S.-related bank accounts. At no time did the Taxpayers themselves direct or control Tikva Consulting and were not, in fact, aware of any of this entity's activity. To the best of Mr. Schik's memory, Mr. Beck told him that "it would be better" to hold his account using a foreign company and Mr. Schik simply signed whatever paperwork Mr. Beck told him was required.

For decades, it has been the mantra of the IRS that if an entity has no economic substance or business purpose, that entity must be ignored; the courts have adopted this position as law."[2] Indeed, this office represents approximately 2,000 taxpayers with offshore accounts. In many of those cases, a fictitious entity was formed, usually at the suggestion and with the assistance of a foreign bank. In those cases, the IRS's position consistently has been that such entities are ignored and treated as the mere alter ego of the taxpayer.

Moreover, Offshore Voluntary Disclosure Program ("OVDP") Frequently Asked Question ("FAQ") No. 29, published on the IRS's website, states that taxpayers will not be required to file delinquent information returns, such as Forms 5471, if "the entity had no purpose other than to conceal the taxpayer's ownership of assets" and the taxpayer agrees to dissolve the entity. While we recognize that the Taxpayers are not participating in the IRS's OVDP – because they were rejected from that program for unknown reasons more than six years ago – this policy should nevertheless apply to the instant case.

Next, even if the Taxpayers were required to file Forms 5471 – which they were not – any alleged failure to do so was due to reasonable cause. *See* Treas. Reg. § 1.6038-2(k)(3); IRM 20.1.9.7.5. Reasonable cause is based on all the facts and circumstances in each situation and is generally granted when the taxpayer exercises ordinary business care and prudence in determining his tax obligations but nevertheless is unable to comply with those obligations. *See* IRM 20.1.1.3.2. Based on the facts and circumstances surrounding Tikva Consulting, the Taxpayers did not believe Tikva Consulting to be a valid entity for tax purposes and thus

---

balance sheets, profit or loss statements, payroll schedules, or other documentation generally used to prepare Forms 5471.

[2] *See, e.g., Moline Properties v. Commissioner*, 319 U.S. 436 (1943) (whether a corporation should be respected as an entity distinct from its owner for federal income tax purposes is determined by asking the following two questions: (1) does the corporation have a legitimate non-tax business purpose; and (2) is the corporation engaged in business activity?); *ASA Investerings Partnership v. Commissioner*, 201 F.3d 505 (D.C. Cir. 2000) (business activity alone, merely for tax purposes without any non-tax business purpose or economic substance, is inadequate to validate the existence of an entity for tax purposes).

reasonably believed that they were not required to file Forms 5471. *See* IRM 20.1.1.3.2.2.6(2) ("Reasonable cause may be established if the taxpayer shows ignorance of the law in conjunction with other facts and circumstances."). Accordingly, to the extent that the Taxpayers were required to file Forms 5471, their failure to do so was not due to willful neglect and was instead due to reasonable cause.

For the reasons set forth above, we submit that it is both improper to assert a penalty and, if asserted, any penalty for failure to file Forms 5471 should be abated.

Very truly yours,

Robert S. Fink

Enclosures

Internal Revenue Service
SB/SE
Examination Gulf States

JAN 3 2017

Received
8876 Gulf Freeway
Houston, TX 77017