**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x

Walter Schik,

                             **Plaintiff,**

           **-against-**

United States of America,

                           **Defendant.**

------------------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _____3/8/2022_____

**20-CV-7962-ALC**

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

      This tax refund suit arises under the laws and regulations of the Internal Revenue Code, alleging that the Internal Revenue Service ("IRS") erroneously assessed and collected tax penalties against Plaintiff Walter Schik ("Schik" or "Plaintiff"). Schik seeks a penalty refund of $552,300, along with attorneys' fees, costs, and interest, from Defendant United States of America ("the Government"). The Government moved to dismiss the Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for failure to exhaust administrative remedies for tax refund claims. In particular, the Government argues that Schik failed to submit a valid administrative refund claim to the IRS before filing this suit in district court. For the reasons stated herein, the motion to dismiss is **GRANTED**. The case is dismissed without prejudice.

## FACTUAL BACKGROUND[1]

      On October 24, 2016, the IRS issued a penalty notice to Plaintiff Walter Schik asserting that his Form 5471, Information Return of U.S. Persons with Respect to Certain Foreign

---

[1] The facts are taken from the Complaint as well as relevant evidence outside the pleadings. When deciding a motion to dismiss pursuant to Rule 12(b)(1), a district court may examine evidence outside the pleadings. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted).

Corporations, for tax years 2000 through 2015 were "substantially incomplete" and threatened to impose penalties under 26 U.S.C. § 6038. James J. Mahon Aff., Ex. D. (ECF No. 30-4 at 53, 61-62).

On December 30, 2016, Robert S. Fink ("Fink"), audit counsel for Schik, wrote to the IRS under protest and enclosed Form 5471s for tax years 2007 to 2010. Mahon Aff., Ex. A.[2] The letter explained that Schik was not required to file Form 5471s because Tikva Consulting—the foreign entity of concern—"was merely a name . . . [and] was the alter ego of Mr. Schik and did not, at any time, engage in any business activity or have any legitimate business purposes" so "should be disregarded for tax purposes." *Id.* It further argued that the "sole purpose" of Tikva Consulting "was to nominally hold a foreign bank account," and that Schik never directed or controlled its affairs nor was aware of its activities. *Id.* Fink added other objections, including that the alleged failure to file the Form 5471s was due to "reasonable cause" under applicable laws and regulations. *Id.* The letter concluded "that it is both improper to assert a penalty and, if asserted, any penalty for failure to file Forms 5471 should be abated." *Id.* The record does not reflect that the IRS ever directly responded to this letter.

On September 25, 2017, the IRS notified Schik of section 6038 penalties assessed against him in the amount of $552,300 for the years 2000 through 2013 for failure to file Form 5471s. Compl. ¶ 5, Ex. A. Approximately one month later, on October 24, 2017, Fink wrote to the IRS, contending that continuation penalties imposed on Schik for failure to file Form 5471s for tax years 2000 to 2006, 2011, and 2012 were improper. Mahon Aff., Ex. D. According to the letter, due to "miscommunication" among Schik, his tax counsel, and his tax accountant, Schik "reasonably believed" that his counsel and accountant would have timely responded to the

---

[2] This letter indicated that the IRS had submitted a "Notice of Non-Filing of Form 5471" dated May 5, 2016 to Schik. Mahon Aff., Ex. A.

Continuation Penalty Notice issued by the IRS on October 14, 2016 including by filing the outstanding Form 5471s, and that he did not become aware that the unfiled forms were not being prepared until receipt of a Form 886A from the IRS "that set forth the IRS's determinations with regard to the 5471 continuation penalties for the tax years at issue." McMahon Aff., Ex. D (ECF No. 30-4 at 2-4).[3] The letter further indicated that the outstanding, unfiled Form 5471s were in the process of being prepared by a tax accountant but that "for reasons set forth in . . . prior correspondence," he did not believe that Schik was required to file Form 5471s in the first place. Mahon Aff., Ex. D. (ECF No. 30-4 at 4). The record does not reflect that the IRS responded directly to this letter.

On November 13, 2017, the IRS notified Schik that it had applied $552,300 of an overpayment on his 2016 Form 1040 tax return to the unpaid penalty balance (the "November 13, 2017 Notice"). Compl. ¶ 6, Ex. B. ("We applied $552,300.00 of your 2016 overpayment to an unpaid balance. As a result[,] your refund has been reduced to $0.00."). Though the IRS provided notice on this date, the exact date of the actual collection is unclear from the record.[4]

Several months later, on February 26, 2018, Schik submitted Form 5471s to the IRS under protest for tax years 2001 to 2006. Compl. ¶ 12, Ex. D. The submission included a letter restating the position that Schik was never required to file Form 5471s for Tikva Consulting. *Id.* Before concluding, the letter "submit[ted] that any penalty for failure to file Forms 5471 should be abated." *Id.* The IRS did not directly respond to the letter. Compl. ¶ 9.

Schik alleges that he elected on his Form 1040 (2016) to apply the 2016 overpayment to his 2017 tax liability. Compl. ¶ 9-10 (citing Ex. E). He further claims that the IRS never responded

---

[3] On August 25, 2017, Fink wrote to the IRS responding to the Form 886A, reiterating that "Tikva was established for no reason other than holding a foreign account and had no business purpose whatsoever." McMahon Aff., Ex. D (ECF No. 30-4 at 55-56).
[4] Def.'s Reply at 10 n.3.

to, or otherwise allowed or disallowed, his request to apply the 2016 overpayment listed on his Form 1040 to his 2017 tax liability. Compl. ¶ 10-11. He asserts that he noticed on his 2017 tax return, filed on October 15, 2018, that the 2016 overpayment had not been "applied against [his] liability for that year." Compl. ¶ 10.

On September 29, 2020, Schik filed this tax refund action against the United States regarding the section 6038 penalties. He alleges that he now has "overpaid liability for the 2017 tax year" because the IRS illegally collected the overpayment from his 2016 tax return and applied it to his section 6038 penalties. Compl. ¶ 9, 13-14. Schik prays for damages in the amount of $552,300, together with attorneys' fees, costs, and interest. Compl. at 3.

## PROCEDURAL HISTORY

The Government filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on July 6, 2021. ECF No. 26. Schik opposed on August 2, 2021. ECF No. 29. On August 10, 2021, the Government filed its reply. ECF No. 31. The Court considers this motion fully briefed.

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted). Rather, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Courts "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional

issue, but [the Court] may not rely on conclusory or hearsay statements contained in the affidavits."

*J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

## DISCUSSION

"The district courts shall have original jurisdiction . . . of [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws . . . ." 28 U.S.C. § 1346(a)(1). Such civil actions are limited by 26 U.S.C. § 7422(a), which stipulates that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

"Duly filed" refers to a timely filed claim for refund or credit. *United States v. Clintwood Elkhorn Min. Co.,* 553 U.S. 1, 14–15, 128 S.Ct. 1511, 170 L.Ed.2d 392 (2008). The time to file such a claim "of an overpayment of any tax imposed . . . shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." 26 U.S.C. § 6511(a). "No credit or refund shall be allowed or made after the expiration of the period of limitation . . . *unless a claim for credit or refund is filed by the taxpayer within such period*." 26 U.S.C. § 6511(b)(1) (emphasis added). When filed outside the statutory time limits, "a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected' . . . may not be maintained in any court." *United States v. Dalm*, 494 U.S.

596, 602, 110 S. Ct. 1361, 1365, 108 L. Ed. 2d 548 (1990) (citing *United States v. Kales,* 314 U.S. 186, 193, 62 S.Ct. 214, 217, 86 L.Ed. 132 (1941)). "It is undisputed that § 7422 requires administrative exhaustion." *United States v. Williams*, 514 U.S. 527, 533, 115 S. Ct. 1611, 1616, 131 L. Ed. 2d 608 (1995) (footnote omitted).

Here, Schik did not file any formal administrative refund claim for any of the tax years at issue regarding the refund of section 6038 penalties imposed on him before filing his lawsuit in district court. The Complaint does not assert, neither does the record reflect that, Schik ever filed any formal refund claim with the IRS *before* the commencement of this civil action. Indeed, the Parties also do not dispute that Schik failed to timely file a formal administrative claim.[5] Therefore, the Court concludes that Plaintiff has not formally complied with the exhaustion requirement for tax refund suits.

Though no formal claim was filed, Schik argues that this Court maintains subject matter jurisdiction over this action because (1) his informal correspondence with the IRS contesting the assessed penalties constitutes an informal claim for refund and (2) the IRS has waived the formal requirements by considering and rejecting the arguments in his informal correspondence. The Government contends, among other things, that his failure to file a formal claim to perfect any alleged informal claim warrants dismissal. Because there is no dispute that Schik did not file any formal claims with the IRS regarding the assessed penalties for the tax years at issue, and thus did not timely perfect the alleged informal claims before commencing this action, this Court has not been vested with subject matter jurisdiction over this case.

---

[5] The Parties disagree whether Form 843 was the correct form for Schik to file to make a formal administrative refund claim. Form 843 is required for administrative claims "for the refund of taxes, interest, penalties, and additions to tax that are not otherwise provided for must be made on Form 843, "Claim for Refund and Request for Abatement." 26 C.F.R. § 301.6402-2(c). It seems clear to the Court that Schik needed to file Form 843. And there is no doubt that Schik did not timely file Form 843 for any of the tax years at issue *before* filing the complaint.

The Supreme Court has written that the failure to timely file a formal refund claim "will nevertheless be treated as a claim where formal defects and lack of specificity *have been remedied by amendment filed after the lapse of the statutory period*." *United States v. Kales*, 314 U.S. 186, 194, 62 S. Ct. 214, 218, 86 L. Ed. 132 (1941) (collecting cases) (emphasis added). "This is especially the case where such a claim has not misled the Commissioner and he has accepted and treated it as such." *Id.* Schik does not timely perfect his alleged informal claims. He has not alleged or otherwise shown that he filed a formal amendment, and thus perfected, his purported informal claims in the December 30, 2016, October 24, 2017, or February 26, 2018 letters until after he filed this case. *See Magnone v. United States*, 733 F.Supp.613, 618 (S.D.N.Y. 1989), *aff'd*, 902 F.2d 192 (2d Cir. 1990) (articulating that the informal claims doctrine "prevents such claims from being barred by the statute of limitations when their formal counterparts are filed late") (citations omitted); *Gallo v. U.S., Dep't of Treasury, I.R.S.*, 950 F.Supp. 1246, 1249 (S.D.N.Y. Jan. 3, 1997); *Morton v. Granite*, No. 88-CV-9020 (JFK), 1991 WL 33333, at *7 (S.D.N.Y. Mar. 5, 1991) (dismissing informal claim because "[n]o such subsequent perfection . . . occurred in th[e] case").

In *Gallo*, which is on all fours with this case, the plaintiff failed to file a formal refund claim with the IRS and argued that an informal letter he wrote to the IRS "should be construed as a formal refund claim." *Gallo*, 950 F.Supp. at 1249. U.S. District Judge Deborah Batts dismissed the case for lack of subject matter jurisdiction because, she wrote, "an informal claim merely tolls the statute of limitations for the filing of a proper claim." *Id.* (citing *Kales*, 314 U.S. at 194). Other courts in this Circuit have acknowledged that a timely informal claim must eventually be perfected with the filing of a formal claim. *See, e.g.*, *Soffer v. United States*, No. 01-CV-0945(KMW)THK, 2002 WL 741653, at *4 n.1 (S.D.N.Y. Mar. 20, 2002); *Weisman v. Comm'r*, 103 F.Supp.2d 621, 628 (E.D.N.Y. June 30, 2000). There is no reason for this Court to depart from the well-settled

refund claims procedure established by tax statute and regulation. Any potential informal claims here "ha[ve] never been perfected as required by law," and should therefore be dismissed. *Gallo*, 950 F.Supp. at 1249.

The waiver exception does not vest subject matter jurisdiction over this action with the district court. Plaintiff contends that the November 13, 2017 Notice constitutes a denial of the alleged informal claims made in his December 30, 2016 and October 24, 2017 writings to the IRS.[6] But he has made no showing that "the Commissioner had ascertained the facts and had even notified [him] of the justice of [his] claims." *United States v. Memphis Cotton Oil Co.*, 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619. Schik has also failed to provide clear evidence "that the Commissioner understood the specific claim[s] that [were] made even though there was a departure from form in its submission," and that it is "unmistakable that the Commissioner has in fact seen fit to dispense with [the] formal requirements and to examine the merits of the claim." *Angelus Milling Co. v. Commissioner,* 325 U.S. 293, 65 S.Ct. 1162, 89 L.Ed. 1619 (1945). For example, the November 13, 2017 Notice does not mention the 2016 and 2017 informal writings at all and does not suggest that the IRS specifically considered or investigated any of the statements made in those letters. Furthermore, the record does not reflect that the IRS ever directly responded to either writing. The November 13, 2017 Notice alone is therefore insufficient evidence to demonstrate that the IRS has "accepted and treated" his prior informal correspondence in a manner that would dispense with the unambiguous formal requirements for tax refund suits. *Kales*, 314 U.S. at 194. Accordingly, the waiver doctrine does not apply here.[7]

---

[6] Schik submitted the February 26, 2018 letter after the November 13, 2017 Notice, so it is not possible that any alleged informal claim in that letter could have been considered and denied by the IRS.

[7] Because the lack of perfection of any alleged informal claims and the inapplicability of the waiver doctrine provides sufficient grounds for dismissal of this action in its entirety, the Court does not reach the factually intensive question whether the 2016, 2017, and 2018 informal writings to the IRS amount to de facto informal claims. "Informal claims have three components: (1) they must provide the IRS notice of the taxpayer's claim to a refund; (2) they must 'describe the legal and factual basis for the refund;' and (3) they must have a written component." *AmBase Corp. v.*

Schik indicated in his opposition brief that he has now filed a "protective" claim on Form 843 "seeking a refund for the abatement of the penalties which are at issue in this case" and requests that this Court "consider staying this action while this protective claim is under consideration by the IRS or, in the alternative, dismissing this case without prejudice and directing the IRS to consider the protective claim on an expedited basis." Pl.'s Opp. at 5. The request is denied. If Plaintiff has indeed filed Form 843, he cites no legal support, binding or otherwise, for his request to stay this action or for this Court to order the IRS to consider his post-suit administrative claim on an expedited basis. The IRS has an administrative procedure for processing and handling valid refund claims, and this Court need not disrupt it. *See* Internal Revenue Manual, § 4.10.11. The Court also declines to suspend the rules of jurisdiction beyond what Congress intended for tax refund suits by staying the case.[8]

## CONCLUSION

This case is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

**Dated**: March 8 , 2022
New York, New York

**The Hon. Andrew L. Carter, Jr.**
**United States District Judge**

---

*United States*, 731 F.3d 109, 118 (2d Cir. 2013) (citing *New Eng. Elec. Sys. v. United States*, 32 Fed.Cl. 636, 641 (1995)). "Whether a communication to the IRS amounts to an informal claim for a refund is largely a question of fact." *Willis v. Dep't of the Treasury, IRS*, 848 F.Supp. 1127, 1130 (S.D.N.Y. 1994). The Court also need not reach the full payment rule arguments asserted by the Government. Based upon the "history of tax refund suits and the greater statutory scheme," the Second Circuit has held that Section 1346(a)(1) has "long been interpreted to require the full payment of the contested tax as a jurisdictional prerequisite to a tax refund action," and that the full payment rule applies to assessed penalties. *Larson v. United States*, 888 F.3d 578, 583-84 (2d Cir. 2018).

[8] "[T]he United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608, 110 S. Ct. 1361, 1368, 108 L. Ed. 2d 548 (1990) (internal quotation marks omitted) (citing cases).